LAW OFFICE OF STEPHEN T. CARPENITO
BY:   STEPHEN T. CARPENITO, ESQUIRE
      ATTORNEY ID# 68860                    COUNSEL FOR PLAINTIFF

200 MAHANTONGO STREET, SUITE 44
P.O. BOX 570
POTTSVILLE, PA 17901
TELE: (570) 516-9265

| | | |
|---|---|---|
| JOHN MCGEE, | : | **UNITED STATES DISTRICT COURT** |
| | : | **MIDDLE DISTRICT OF PENNSYLVANIA** |
| PLAINTIFFS, | : | **CIVIL ACTION - LAW** |
| VS. | : | |
| | : | DOCKET NO:_____ |
| CONYNGHAM TOWNSHIP, CONYNGHAM | : | |
| TOWNSHIP BOARD OF SUPERVISORS, | : | |
| CONYNGHAM TOWNSHIP AUTHORITY, | : | |
| SUPERVISOR LINDA TARLECKI, | : | |
| INDIVIDUALLY AND AS SUPERVISOR, | : | |
| SUPERVISOR TODD CROKER, INDIVIDUALLY | : | JURY TRIAL DEMANDED |
| AND AS SUPERVISOR, SUPERVISOR JOSEPH | : | |
| SHRINER, INDIVIDUALLY AND AS | : | |
| SUPERVISOR, | : | |
| | : | |
| DEFENDANTS. | : | |

## CIVIL COMPLAINT

**AND NOW**, come the Plaintiffs, by and through their attorney, Stephen T. Carpenito, and file this Civil Complaint against the Defendants:

## PARTIES

1.     Plaintiff, John McGee, is an adult individual residing in Conyngham Township, Pennsylvania.

2.     Defendant, Conyngham Township, is a duly organized municipality with offices located in Conyngham Township, Columbia County, Pennsylvania.

3. Defendant, Conyngham Township Authority, is a duly organized authority with offices located in Conyngham Township, Columbia County, Pennsylvania.

4. Defendant, Linda Tarlecki, is an adult individual and a Supervisor for the Defendant, Conyngham Township.

5. Defendant, Todd Croker, is an adult individual and a Supervisor for the Defendant, Conyngham Township.

6. Defendant, Joseph Shriner, is an adult individual and a Supervisor for the Defendant, Conyngham Township.

**JURISDICTION**

7. This is a civil action under 42 U.S.C. § 1983, seeking damages and injunctive relief against the Defendants committing acts under color of law, with the intent and for the purpose of depriving Plaintiff of rights secured under the Constitution and laws of the United States.

8. This Honorable Court has jurisdiction in this matter pursuant to 28 U.S.C. Section 42 U.S.C. § 1983 as the Defendants are governmental actors and the Plaintiff is a citizen of the United States.

9. This Honorable Court has ancillary jurisdiction over the state tort action as the relevant facts are similar to the claims under 42 U.S.C. § 1983.

10. The Defendants and Plaintiff have addresses in Columbia County, Commonwealth of Pennsylvania and this matter is therefore filed in the appropriate venue before the United States District Court, Middle District of Pennsylvania.

**OPERATIVE FACTS**

11.   The Plaintiff is a citizen of Conyngham Township and holds no political office or other office of any kind for Conyngham Township.

12.   As a citizen of the Township he served upon the Defendants a Right to Know (RTK) request seeking time cards and other information for the Township Secretary.

13.   The Plaintiff had made comments to the press and publically about possible over billing and abuses made by the Township Secretary, who happens to be Defendant, Linda Tarlecki.

14.   The Plaintiff had presented himself at various public events and made comments about his concerns about theft, overpayment, etc.

15.   The Township accepted the RTK and approved the request as seeking public information.

16.   There was nothing in the RTK request by the Plaintiff that was unlawful or improper.

17.   The Defendant, Linda Tarlecki, not only is a Supervisor, but also acts as the Conyngham Township Secretary.

18.   Linda Tarlecki's time cards and other information was the subject of the RTK request made by the Plaintiff.

19.   The Defendant, Linda Tarlecki, contacted the Plaintiff and informed him that the information he was seeking under the RTK was available and stated that he could come to the office to retrieve the same.

20.   When the Plaintiff arrived at the Township Office he was confronted by the Defendant, Linda Tarlecki, and she served him with a Right to Know ("Defendants' RTK") Request issued by the Defendants.

21. The Defendants' RTK was issued by the Defendants, Conyngham Township, Linda Tarlecki, Todd Croker and Joseph Shriner.

22. The Defendants' RTK sought the following types of information;

   a. The Plaintiff's personal income tax returns;

   b. The Plaintiff's business income tax returns;

   c. The Plaintiff's personal income information;

   d. Other personal and confidential information.

23. The Defendants have instructed the Plaintiff, a citizen, that he must comply with the Defendants' RTK.

24. The Plaintiff attended a Township Supervisor's meeting and made inquiries to the Board as a whole on when he was required to respond and what the intended use was for his personal information.

25. At said meeting the various individual Defendants failed entirely to instruct the Plaintiff that he was not required to respond to the Defendant's RTK.

26. However, Defendant, Joseph Shriner, failed altogether to address this unlawful request and failed to admonish his colleagues.

27. The Defendant, to date, has not withdrawn the Defendant's RTK.

28. In another attempt to quite the Plaintiff and harm him for exercising his rights the Defendants have begun to publically smear his reputation.

29. The Plaintiff is engaged, in part, in a business wherein he rents out certain residential apartments.

30. The Defendants contacted various tenants in an attempt to garnish some unfaltering

information about the Plaintiff and his business.

31. The Defendants were attempting to find information, so that they could label the Plaintiff as a "slum lord".

32. The Defendants contacted various tenants, including, Jane and John Doe.

33. The Defendants were aware that the tenants, Jane and John Doe, were disabled and would not fully understand what was being requested.

34. The Defendants coerced Jane and John Doe to write a complaint letter even though they did not have complaints against the Plaintiff or the apartment they were renting.

35. Jane and John Doe were informed by the Defendants that they were requesting the letter in their official capacity as Township Supervisors.

36. Jane and John Doe were scared by the actions of the Defendants and finally agreed to write the letter.

37. The Defendants, at a public meeting, read out the letter of complaint written by Jane and John Doe.

38. The Defendants stated at the public meeting that they received the letter from Jane and John Doe "out of the blue".

39. The Defendants stated that they did not seek out the letter, but rather, it was simply mailed to them from Jane and John Doe.

40. The Defendants knew that these statements were false.

41. The letter and the reading of the same had no public purpose and was not part of township business.

42. The letter was read by the Defendants for the sole purpose of harming the Plaintiff's

reputation and to scare him away from his review of the Township's financial records.

43. The Plaintiff was in attendance at the public meeting and was publically humiliated by the content of the false letter.

44. The Plaintiff had no knowledge of the letter and was not aware that it existed, so he was caught of guard.

45. To make matters worse the letter was read while a reporter of the local newspaper was in attendance.

46. The Defendants did not grant the Plaintiff the opportunity to rebut the letter, but rather, simply read it out loud and moved onto other business.

47. The Plaintiff believes that the Defendants fabricated or otherwise tricked the tenant into writing something that they would be able to read.

48. Further, since asking for the financial information from the Township the Plaintiff received notice that his financial records would be audited by the Internal Revenue Service.

49. The Plaintiff believes and therefore avers that it was the Defendants, including Linda Tarlecki, who contacted the IRS and gave them false information.

50. The Defendants, including Linda Tarlecki, did as such in an attempt to keep the Plaintiff from finding out about the financial irregularities at the Township.

**COUNT I**
**PLAINTIFF VS. DEFENDANTS**
**<u>VIOLATION OF FIRST AMENDMENT</u>**

51. Plaintiff incorporates by reference hereto all allegations made above, as if the same were more fully set forth here at length.

52.    The Plaintiff was exercising his right to Free Speech by requesting information and expressing concerns about over billing.

53.    In response to his exercise of his Free Speech the Defendants have engaged in conduct to intimidate and harass the Plaintiff by issuing the Defendant's RTK.

54.    In response to his exercise of his Free Speech the Defendants have sought to quite the Plaintiff by alleging that they will use his personal information against him.

55.    The Plaintiff's right to Free Speech has been infringed upon by the Defendants.

56.    The Defendant, Linda Tarlecki, made comments at a Township meeting that Plaintiff did not need to know "why" the Defendants wanted the information and that they would decide what they would do with the information.

57.    None of the individual Defendants objected to the issuance of the Defendant's RTK and failed to admonish the Township and/or Linda Tarlecki of her actions.

58.    The Plaintiff's injuries and/or damages include, but are not limited to;

    a.    Emotional distress;

    b.    Physical distress;

    c.    Financial loss in spending time and efforts to generate the materials sought by the Defendant's in its request;

    d.    Public humiliation and embarrassment as being the subject of public scorn;

    e.    Legal fees, costs and expenses;

    f.    Such other damages as this Honorable Court shall recognize.

59.    The actions of the Defendants, Linda Tarlecki and Todd Croker, were done with malice and with the intent to harm the Plaintiff.

60. The actions of the Defendants, Township of Conyngham, Linda Tarlecki and Todd Croker, were done with the intent of punishing the Plaintiff's exercise of his rights to Free Speech under the United States Constitution.

61. The actions of the Defendant, Linda Tarlecki, was done with the intent of harming the Plaintiff who was seeking to determine if she had committed fraud, theft and/or over billing of the Township.

62. The Defendant's reading of the tenant letter was another attempt to harm the Plaintiff and stop him from exercising his Constitutional rights.

63. The Defendants' contact with the IRS and providing them with false information was another attempt to harm the Plaintiff and stop him from exercising is Constitutional rights.

64. In fact, the Plaintiff's belief is that the documents he received in response to his RTK show that the Defendant, Linda Tarlecki, has been over billing and being over paid by the Township.

WHEREFORE, Plaintiffs demand judgment in the favor in an amount to be proven at trial and in excess of $150,000.00, together with pre- and post-judgment interest, punitive damages, attorney's fees, costs, and such other relief as this Court may deem just and proper.

## COUNT II
## PLAINTIFF VS. DEFENDANTS
## VIOLATION OF THE 5TH AND 14TH AMENDMENTS

65. Plaintiff incorporates by reference hereto all allegations made above, as if the same were more fully set forth here at length.

66. The Defendant, Conyngham Township, is a governmental body that is bound by the

-8 of 14-

United State and Pennsylvania Constitution and the rights of the Plaintiff to Procedural and Substantive Due Process.

67.    The Defendants have utilized and/or enforced the laws of the Commonwealth of Pennsylvania against the Plaintiff in an effort to deprive himself of life, liberty and the pursuit of happiness.

68.    Specifically, the Defendants have improperly utilized the Right to Know laws of Pennsylvania to deny the Plaintiff of his rights without any procedural safeguards.

69.    The Defendants' actions are arbitrary and capricious and seeks to harm the Plaintiff.

70.    At the Township meeting the Defendants stood by the Defendants' RTK and continued to seek private information through the unlawful use of the law.

71.    The Defendant, Linda Tarlecki, made comments at a Township meeting that Plaintiff did not need to know "why" the Defendants wanted the information and that they would decide what they would do with the information.

72.    None of the individual Defendants objected to the issuance of the Defendants' RTK and failed to admonish the Township and/or Linda Tarlecki of her actions.

73.    The Plaintiff's injuries and/or damages include, but are not limited to;

   a.    Emotional distress;

   b.    Physical distress;

   c.    Financial loss in spending time and efforts to generate the materials sought by the Defendant's in its request;

   d.    Public humiliation and embarrassment as being the subject of public scorn;

   e.    Legal fees, costs and expenses;

f.      Such other damages as this Honorable Court shall recognize.

74.    The actions of the Defendants, Linda Tarlecki and Todd Croker, were done with malice and with the intent to harm the Plaintiff.

75.    The actions of the Defendants, Township of Conyngham, Linda Tarlecki and Todd Croker, were done with the intent of punishing the Plaintiff and deprive him of his pursuit of life, liberty and pursuit of happiness.

76.    The actions of the Defendants are both arbitrary and capricious.

77.    The actions of the Defendant, Linda Tarlecki, was done with the intent of harming the Plaintiff who was seeking to determine if she had committed fraud, theft and/or over billing of the Township.

78.    In fact, the Plaintiff's belief is that the documents he received in response to his RTK show that the Defendant, Linda Tarlecki, has been over billing and being over paid by the Township.

WHEREFORE, Plaintiffs demand judgment in the favor in an amount to be proven at trial and in excess of $150,000.00, together with pre- and post-judgment interest, punitive damages, attorney's fees, costs, and such other relief as this Court may deem just and proper.

## COUNT III
## PLAINTIFF VS. DEFENDANTS
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

79.    Plaintiff incorporates by reference hereto all allegations made above, as if the same were more fully set forth here at length.

80.    The Plaintiff was exercising his right to Free Speech by requesting information and expressing concerns about over billing.

81. His speech is the best of what is expected by an active and engaged citizen of the United States.

82. The Plaintiff was seeking to champion the rights of the tax payers and citizens of Conyngham Township in an effort to stop what he believed was fraudulent behavior by a governmental actor.

83. In response to his exercise of his Constitutionally protected rights the Defendants engaged in actions with the direct and purposeful intent to cause emotional harm and financial harm to the Plaintiff.

84. The Defendants were seeking to quite, punish and otherwise cause harm, both financially and emotionally.

85. The Defendants reading of the tenant letter was another attempt to harm the Plaintiff's reputation and to cause him emotional and financial harm and distress.

86. The Defendants' contact with the IRS and providing them with false information was another attempt to harm the Plaintiff and to cause him emotional and financial harm and distress.

87. In fact, the Plaintiff's belief is that the documents he received in response to his RTK show that the Defendant, Linda Tarlecki, has been over billing and being over paid by the Township.

88. The Defendant, Linda Tarlecki, is attempting to harm the Plaintiff.

89. The Defendant, Linda Tarlecki, made comments at a Township meeting that Plaintiff did not need to know "why" the Defendants wanted the information and that they would decide what they would do with the information.

90.    Her comments were made in order to strike fear and emotional distress for the Plaintiff so that he would stop making inquiries into her actions as a township secretary and supervisor.

91.    The Plaintiff's injuries and/or damages include, but are not limited to;

   a.    Emotional distress;

   b.    Physical distress;

   c.    Financial loss in spending time and efforts to generate the materials sought by the Defendant's in its request;

   d.    Public humiliation and embarrassment as being the subject of public scorn;

   e.    Legal fees, costs and expenses;

   f.    Such other damages as this Honorable Court shall recognize.

92.    The actions of the Defendants were done with malice and with the intent to harm the Plaintiff.

93.    The actions of the Defendants were done with the intent of harming the Plaintiff who was seeking to determine if there was fraud, theft and/or over billing of the Township.

94.    In fact, the Plaintiff's belief is that the documents he received in response to his RTK show that the Defendant, Linda Tarlecki, has been over billing and being over paid by the Township.

WHEREFORE, Plaintiffs demand judgment in the favor in an amount to be proven at trial and in excess of $150,000.00, together with pre- and post-judgment interest, punitive damages, attorney's fees, costs, and such other relief as this Court may deem just and proper.

## COUNT IV
## PLAINTIFF VS. DEFENDANTS
## LIBEL AND SLANDER

95.    Plaintiff incorporates by reference hereto all allegations made above, as if the same were more fully set forth here at length.

96.    The Defendants used their authority to coerce Jane and John Doe to write a letter that the Defendants knew was false.

97.    The Defendants used their authority to trick or otherwise coerce two individuals (Jane and John Doe) who suffered from know disabilities, to write false statements so that they could read the same at the public meeting.

98.    The Defendants knew that the statements were false when they read the same at the public meeting.

99.    The Defendants knew that said statements would harm the business reputation of the Plaintiff since he was engaged in the business of residential leasing.

100.    The Defendants actions were done to publically smear the Plaintiff's reputation and to cause him humiliation.

101.    Further, the Defendants false statements to the IRS were made with the intent of harming the Plaintiff's reputation.

102.    The Plaintiff's injuries and/or damages include, but are not limited to;

    a.    Emotional distress;

    b.    Physical distress;

    c.    Public humiliation and embarrassment as being the subject of public scorn;

    d.    Loss of business reputation;

> e.    Legal fees, costs and expenses;
>
> f.    Such other damages as this Honorable Court shall recognize.

103.    The actions of the Defendants were done with malice and with the intent to harm the Plaintiff.

104.    The actions of the Defendants were done with the intent of harming the Plaintiff who was seeking to determine if she had committed fraud, theft and/or over billing of the Township.

105.    In fact, the Plaintiff's belief is that the documents he received in response to his RTK show that the Defendant, Linda Tarlecki, has been over billing and being over paid by the Township.

WHEREFORE, Plaintiffs demand judgment in the favor in an amount to be proven at trial and in excess of $150,000.00, together with pre- and post-judgment interest, punitive damages, attorney's fees, costs, and such other relief as this Court may deem just and proper.

Respectfully submitted,

DATE:  SEPTEMBER 12, 2017          *Stephen T. Carpenito*
                                   STEPHEN T. CARPENITO, ESQUIRE
                                   ATTORNEY I.D.# 68860