**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN MCGEE, | | No. 4:17-CV-01639 |
| Plaintiff. | | (Judge Brann) |
| v. | | |
| CONYNGHAM TOWNSHIP, CONYNGHAM TOWNSHIP BOARD OF SUPERVISORS, CONYNGHAM TOWNSHIP AUTHORITY, SUPERVISOR LINDA TARLECKI, individually and as supervisor, SUPERVISOR TODD CROKER, individually and as supervisor, SUPERVISOR JOSEPH SHRINER, individually and as supervisor, | | |
| Defendants. | | |

**MEMORANDUM OPINION**

**MAY 1, 2018**

Before the Court for disposition is Defendants Conyngham Township, Conyngham Township Board of Supervisors, Conyngham Township Authority, Supervisor Linda Tarlecki, Supervisor Todd Croker, and Supervisor Joseph Shriner's Motion to Dismiss Plaintiff John McGee's Amended Complaint. For the following reasons, this Motion will be granted in part and denied in part.

# I.   BACKGROUND[1]

Plaintiff John McGee ("Mr. McGee") filed an Amended Complaint on November 3, 2017 against Defendants Conyngham Township, Conyngham Township Board of Supervisors, Conyngham Township Authority ("Township Defendants"), Supervisor Linda Tarlecki, Supervisor Todd Croker, and Joseph Shriner ("Individual Defendants") (collectively "Conyngham Township Defendants").[2] This Amended Complaint contains four counts: (1) a First Amendment retaliation claim brought under 42 U.S.C. § 1983 ("Section 1983"), (2) a Fifth and Fourteenth Amendment Due Process claim brought under Section 1983, (3) intentional infliction of emotional distress, and (4) slander/libel[3].[4] Conyngham Township Defendants have moved to dismiss all counts.[5] The following factual background underlies the claims alleged.

---

[1]   When considering a motion to dismiss, a court assumes the truth of all allegations made in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The material in this section, then, is taken entirely from Plaintiff's Amended Complaint, ECF No. 8, and is presumed true for present purposes.

[2]   Am. Compl. (ECF No. 8).

[3]   Mr. McGee has pled slander/libel. My analysis will refer to this count as defamation, as slander and libel are two methods for proving this cause of action. *See Mzamane v. Winfrey*, 693 F.Supp.2d 442, 476 (E.D.Pa. 2010)(quoting *Joseph v. Scranton Times L.P.*, 959 A.2d 322, 334 (Pa.Super.Ct. 2008)("Defamation, of which libel, slander, and invasion of privacy are methods, is the tort of detracting from a person's reputation, or injuring a person's character, fame, or reputation, by false and malicious statements.")).

[4]   Am. Compl. (ECF No. 8).

[5]   ECF No. 9.

Plaintiff John McGee is a citizen of Conyngham Township, Columbia County, Pennsylvania ("Township").[6] At the time this Amended Complaint was filed, Mr. McGee did not hold public office,[7] but regularly presented himself at various public events and made comments about possible theft and overpayment in the Township.[8] At some unspecified time prior to the institution of this action, Mr. McGee served upon Individual Defendants a Right to Know Request ("RTK") seeking time cards and other information from the Township secretary, Defendant Linda Tarlecki ("Ms. Tarlecki").[9] This request concerned possible over-billing and other abuses made by Ms. Tarlecki in her office.[10] At some unspecified time prior to the commencement of this action, Mr. McGee had also made comments to the press about this potential over-billing.[11]

Sometime after the service of this RTK request and public comments, Mr. McGee was informed by Ms. Tarlecki that the information he requested was available for pick-up at her office.[12] At her office, Ms. Tarlecki is alleged to have served Mr. McGee with a reciprocal RTK request, issued by Defendants

---

[6]   Am. Compl. (ECF No. 8) ¶ 11.

[7]   *Id.*

[8]   *Id.* ¶ 14.

[9]   *Id.* ¶ 12.

[10]   *Id.* ¶ 13.

[11]   Am. Compl. (ECF No. 8) ¶ 13.

[12]   *Id.* ¶ 19.

Conyngham Township, Linda Tarlecki, Todd Croker, and Joseph Shriner.[13]  This

RTK request sought Mr. McGee's personal income tax returns, his business

income tax returns, personal income information, and other personal and

confidential information.[14]  Individual Defendants thereafter informed Mr. McGee

that he must comply with this RTK, despite its lack of validity directed to a private

citizen.[15]  Indeed, at a Township Supervisor's meeting, Mr. McGee inquired,

without correction, as to when his response was due and what the intended use was

for this information.[16]  Curiously, this RTK request has not been withdrawn.[17]

Mr. McGee also avers that Individual Defendants attempted to publically

smear his reputation.[18]  Specifically, because he is a landlord who rents out

residential apartments, Individual Defendants contacted various tenants to solicit

unflattering information with the purpose of labeling him a "slumlord."[19]  Jane and

John Doe tenants were contacted by Individuals Defendants.[20]  Mr. McGee avers

that the Does are disabled, and taking advantage of that fact, Individual defendants

---

[13]   *Id.* ¶ 20–21.

[14]   *Id.* ¶ 22.

[15]   *Id.* ¶¶ 23, 25.

[16]   Am. Compl. (ECF No. 8) ¶ 24.

[17]   *Id.* ¶ 27.

[18]   *Id.* ¶ 28.

[19]   *Id.* ¶¶ 29-31.

[20]   *Id.* ¶ 32.

coerced them into writing a letter of complaint against him.[21]  Stating that they received this letter out of the blue, Individual Defendants later read this letter aloud at a public meeting knowing that it was both false and offered without a public purpose.[22]  Mr. McGee alleges that Individual Defendants read this letter for the sole purpose of harming his reputation and intimidating him in his pursuit of Township financial records.[23]

Mr. McGee also alleges that Individual Defendants contacted Northampton County Children and Youth Services ("Children and Youth Services") to report the presence of mold in one of his rented apartments.[24]  Individual Defendants specifically relayed to Children and Youth Services that this mold, uncorrected by Mr. McGee, presented a danger to a minor within this building.[25]  Children and Youth Services later arranged with Mr. McGee an inspection of this premises, and found no evidence of mold.[26]  Finally, as a concluding act of retaliation, Mr. McGee avers that, since he spoke out about potential financial irregularities in the Township, Individual Defendants contacted the Internal Revenue Service and

---

[21]   Am. Compl. (ECF No. 8) ¶¶ 33, 35-36.

[22]   *Id.* ¶¶ 37-41.

[23]   *Id.* ¶ 42.

[24]   *Id.* ¶ 48.

[25]   *Id.*

[26]   Am. Compl. (ECF No. 8) ¶¶ 50-51.

provided them with false information concerning his finances.[27]  This alleged

contact by Ms. Tarlecki led to Mr. McGee being told that he was to be audited.[28]

Mr. McGee alleges that Individual Defendants took these actions to infringe on his

right to free speech and due process.[29]

## II.    LAW

When considering a motion to dismiss for failure to state a claim upon which

relief may be granted,[30] a court assumes the truth of all factual allegations in the

plaintiff's complaint and draws all inferences in favor of that party;[31] the court

does not, however, assume the truth of any of the complaint's legal conclusions.[32]

If a complaint's factual allegations, so treated, state a claim that is plausible – *i.e.*,

if they allow the court to infer the defendant's liability – the motion is denied; if

they fail to do so, the motion is granted.[33]

## III.    ANALYSIS

Conyngham Township Defendants move for both a more definite statement

pursuant to Federal Rule of Civil Procedure 12(e) and, in the alternative, dismissal

---

[27]   *Id.* ¶¶ 54-55.

[28]   *Id.* ¶ 55.

[29]   *Id.* ¶¶ 53, 57.

[30]   Federal Rule of Civil Procedure 12(b)(6).

[31]   *Phillips v. Cnty. Of Allegheny*, 616 F.3d 224, 228 (3rd Cir. 2008).

[32]   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  *See also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3rd Cir. 2016).

[33]   *Id.*

based upon failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). I will analyze both of these requests below.

### A. Motion for a More Definite Statement.

Federal Rule of Civil Procedure 12(e) allows for a party to move for a more definite statement in the rare case where the pleading is "so vague or ambiguous that the party cannot reasonably prepare a response."[34] A motion for a more definite statement is committed to the sound discretion of the court, and will be granted only in a small subset of cases.[35] "The basis for granting such a motion is unintelligibility, not lack of detail."[36] "With the exception of allegations of fraud and mistake, there is no requirement in the rules that pleading be particular."[37] Conyngham Township Defendants here argue that this motion should be granted because Mr. McGee's Complaint "brings generality and lack of specificity to dizzying levels."[38]

I will deny this request. Having reviewed the Amended Complaint, I find it lacking in detail, but not at the level of unintelligibility as required by this

---

[34] Fed. R. Civ. Pro. 12(e); *see Schaedler v. Reading Eagle Publication, Inc.*, 370 F.2d 795, 797 (3d Cir. 1957).

[35] *See Sun Co., Inc. v. Badger Design & Constructors, Inc.*, 939 F.Supp. 365, 368 (E.D.Pa. 1996); *see also Robinson v. Penn Central Co.*, 336 F.Supp. 658, 659 (E.D.Pa. 1971).

[36] *Wood & Locker, Inc. v. Doran & Assocs.,* 708 F.Supp. 684, 691 (W.D.Pa. 1989).

[37] *See Sun Co.*, 939 F.Supp. at 374(citing 2A J. Moore, Moore's Federal Practice ¶ 12.18[1] at 12-161 (1995)).

[38] *See* Defs' Memorandum of Law in Supp. of Mot. to Dismiss Am. Compl. (ECF No. 10), at 12.

standard.[39]  Indeed, while I am able to discern the cause of actions pled and the

factual basis for each, numerous pleading deficiencies exist.  My analysis below,

concerning Conyngham Township Defendants' motion to dismiss pursuant to

Federal Rule of Civil Procedure 12(b)(6), better accounts for these failures.

### B.    Motion to Dismiss Pursuant to Rule 12(b)(6)

#### 1.    Constitutional Claims

In Counts I and II of his Amended Complaint, Mr. McGee alleges, pursuant

to Section 1983, a violation of his rights under the First, Fifth, and Fourteenth

Amendments to the United States Constitution.  Section 1983 provides a cause of

action to redress violations of federal law committed by state officials.[40]  Section

1983 is not a source of substantive rights; rather, it merely provides a remedy for

violations of constitutional rights.[41]  To establish a claim under 42 U.S.C. § 1983, a

plaintiff must demonstrate that: (1) the conduct complained of was committed by a

person acting under color of state law; and (2) the conduct deprived the

---

[39] *See, e.g., Godfrey v. Upland Borough*, 246 F.Supp.3d 1078, 1087 (E.D.Pa. 2017)(denying a motion for a more definite statement where "[t]he core facts underlying Plaintiffs' claims are more or less comprehensible despite their haphazard presentation."); *Konold v. Superior Intern. Industries. Inc.*, 911 F.Supp.2d 303, 315 (W.D.Pa. 2012)("The fact that a better pleading may be possible if a more definite statement was ordered is not enough to warrant granting the Motion.").

[40] *See* 42 U.S.C. § 1983.

[41] *See City of Oklahoma City v. Tuttle,* 471 U.S. 808, 815 (1985).

complainant of rights secured under the Constitution or federal law.[42]  Conyngham Township Defendants have moved to dismiss each of these purported constitutional violations for failure to state a claim upon which relief can be granted.  This request is well-founded and will be granted.

### a.    First Amendment Retaliation

The First Amendment to the United States Constitution protects a citizen's right to speech.  "The First Amendment right to free speech includes not only the affirmative right to speak, but also the right to be free from retaliation by a public official for the exercise of that right."[43]  To prevail on a claim for First Amendment retaliation brought under 42 U.S.C. § 1983, a plaintiff must prove (1) that he had "engaged in [First Amendment-]protected activity," (2) that the defendant's allegedly retaliatory action was "sufficient to deter a person of ordinary firmness from exercising [her First Amendment] rights," and (3) that there was a "causal connection between the protected activity and the retaliatory action."[44]

---

[42]  *See Sameric Corp. of Delaware, Inc. v. City of Philadelphia*, 142 F.3d 582, 590 (3d Cir. 1998).

[43]  *Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 685 (4th Cir. 2000); *see also ACLU v. Wicomico County, Md.*, 999 F.2d 780, 785 (4th Cir. 1993) ("Retaliation, though it is not expressly referred to in the Constitution, is nonetheless actionable because retaliatory actions may tend to chill individuals' exercise of constitutional rights."); *Pickering v. Board of Educ.*, 391 U.S. 563, 574 (1968) (noting that retaliatory acts are "a potent means of inhibiting speech").

[44]  *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3rd Cir. 2007).

Conyngham Township Defendants argue that the facts advanced by Mr. McGee fail to demonstrate a causal connection between the protected activity and alleged retaliatory conduct.[45] To establish a causal connection, Mr. McGee must prove, or at this posture—plead, either "an unusually suggestive temporal proximity between the protected activity and allegedly retaliatory action" or "a pattern of antagonism coupled with timing to establish a causal link."[46] However, "[i]n the absence of that proof the plaintiff must show that from the 'evidence gleaned from the record as a whole' the trier of the fact should infer causation."[47] "A court must be diligent in enforcing these causation requirements because otherwise a public actor cognizant of the possibility that litigation might be filed against him, particularly in his individual capacity, could be chilled from taking action that he deemed appropriate and, in fact, was appropriate."[48]

Here, assuming satisfaction of the first two factors delineated above,[49] I nevertheless find that Mr. McGee has failed establish a causal connection between

---

[45] Defs' Memorandum of Law in Supp. of Mot. to Dismiss Am. Compl. (ECF No. 10), at 12; Defs.' Reply Br. (ECF No. 15), at 4.

[46] *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007)).

[47] *Id.* (quoting *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 281 (3d Cir. 2000)).

[48] *Id.*

[49] Conyngham Township Defendants appear to concede that these elements have been plausibly pled to instead focus their argument on causal connection. I therefore withhold a decision at this juncture as to whether a person of ordinary firmness would be deterred from exercising his First Amendment rights by these retaliatory act. *See, e.g., Ferris v. Borough of Baldwin,* 247 F.Supp.3d 671, 677 (W.D.Pa. 2017)(Hornak, J.); *Pribula v. Wyoming Area Sch. Dist.,*

his protected speech—his Right to Know (RTK) request and public comments concerning billing abuses in the Township—and the alleged retaliatory actions of Defendants—their service of a Right to Know request upon him, the intimidation of his tenants into writing a letter and reading same at a public meeting, and spurring both Children and Youth Services and Internal Revenue Service audits of his property.[50]  While I found that a lack of detail did not compel the issuance of Conyngham Township Defendant's motion pursuant to Federal Rule of Civil Procedure 12(e), that failure is now dispositive.  Indeed, both of the above avenues of pleading causation require facts demonstrating a temporal proximity between the alleged protected activity and the retaliatory action taken.[51]  Beyond the conclusory chronology of his Amended Complaint, Plaintiff has failed to surmount

---

No. 06-CV-2039, 2007 WL 2065830, at *3 n.1 (M.D.Pa. July 16, 2007)(Caputo, J.)(withholding this same determination for want of briefing on the matter).

[50]  *See* Am. Compl. (ECF No. 8) ¶¶ 20, 34, 37, 48, & 57.

[51]  *See, e.g., Thomas v. Town of Hammonton*, 351 F.3d 108, 114 (3d Cir. 2003)(concluding in part that because three weeks had passed between a complaint being filed and a termination letter being issued, the "chronology of events does not provide substantial support for [the plaintiff's] position"); *Ferris*, 247 F.Supp.3d at 677 (finding that plaintiff has failed to sufficiently plead "a causal connection" between his protected activity and the retaliatory action taken); *Golovan v. University of Delaware*, 73 F.Supp.3d 442, 455-56 (D.Del. 2014)(finding a lack of temporal proximity for alleged retaliatory events based, in part, on failures to provide their approximate dates); *Lakkis v. Lahovski*, 994 F.Supp.2d 624, 634 (M.D.Pa. 2014)(Mariani, J.)(dismissing a first amendment retaliation claim because the allegations are "not anchored in time so the Court can determine whether there is any unusually suggestive temporal proximity to enable a fact-finder to infer a causal link.").

that bar.  However, because amendment would not be futile in correcting this

deficiency, dismissal of this claim will be without prejudice.[52]

### b.    Fourteenth Amendment Substantive Due Process Claim[53]

The Fourteenth Amendment provides that no person shall be deprived "of

life, liberty, or property, without due process of law."[54]  This guarantee

encompasses both a substantive and procedural component.[55]  Here, while

somewhat opaque from the face of his Amended Complaint, Mr. McGee clarifies

in his opposition brief that he is alleging a substantive due process claim, rather

than a procedural failure.[56]  This opinion will therefore heed that direction.

The substantive due process clause is a "component of the [Fourteenth

Amendment] that protects individual liberty against 'certain government actions

regardless of the fairness of the procedures used to implement

---

[52]  *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245-46 (3d Cir. 2008)(noting that "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile.").

[53]  Also alleged in Count II of Amended Complaint is a violation of Plaintiff's rights under the Fifth Amendment to the United States Constitution. *See* Am. Compl. (ECF No. 8), at 10. However, in his opposition brief to Conyngham Township Defendants' motion to dismiss, Plaintiff withdraws this claim. *See* ECF No. 13, at 6. This claim is therefore dismissed with prejudice.

[54]  U.S. CONST. amend. XIV § 1.

[55]  *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 139 (3d Cir. 2000) (citing *Planned Parenthood of S.E. Pa. v. Casey*, 505 U.S. 833, 846–47 (1992)).

[56]  *See* Pl.'s Br. in Opp. To Defs.' Mot. to Dismiss (ECF No. 13), at 9.

them.'"[57]  Substantive due process, in turn, contains two separate analytical paths depending on whether the government action at issue is legislative or non-legislative.[58]  This case involves the non-legislative or executive act of Defendant board members.[59]  The Fourteenth Amendment primarily protects individuals from the arbitrary exercise of power through executive action through procedural due process.[60]  However, our Court of Appeals has recognized that "a non-legislative government deprivation 'that comports with procedural due process may still give rise to a substantive due process claim upon allegations that the government deliberately and arbitrarily abused its power.' "[61]  To prevail on a substantive due process claim under this theory, Mr. McGee must therefore prove that he has a "fundamental" liberty interest implicating Fourteenth Amendment protection and that a defendant's conduct against said interest was "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience."[62]  Such arbitrary action violates substantive due process if it (1) goes beyond "improper purpose"

---

[57]  *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992) (quoting *Daniels v. Williams*, 474 U.S. 327, 331 (1986)).

[58]  *Nicholas*, 227 F.3d at 139.

[59]  *Id.* n. 1 ("As we have previously explained, '[e]xecutive acts, such as employment decisions, typically apply to one person or to a limited number of persons, while legislative acts, generally laws and broad executive regulations, apply to large segments of society.'")(citations omitted).

[60]  *Id.* at 139.

[61]  *Id.*

[62]  *Cty. Of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998).

and "bad faith," and (2) has "no reasonable relation to legitimate government objectives."[63]

Here, Mr. McGee premises his substantive due process claim on the service of a Right to Know request upon him on an unidentified date.[64] He argues that this action, taken by Defendant Linda Tarlecki, violated his due process rights because it was so irrational and arbitrary as to "shock the conscience."[65] At this juncture, however, the Court need not reach whether Mr. McGee has plausibly alleged conscience shocking behavior as the Amended Complaint fails to delineate, and this Court strains to discern, the property interest infringed. Indeed, as previously noted, a plaintiff "must establish as a threshold matter that he has a protected property interest to which the Fourteenth Amendment's due process protection applies."[66] In making this determination and in contrast to a procedural due process challenge, the Third Circuit has noted that:

> [W]hether a certain property interest embodies this "particular quality" is not determined by reference to state law, but rather depends on whether that interest is "fundamental" under the United States Constitution.[67]

---

[63] *United Artists Theatre Circuit, Inc. v. Twp. Of Warrngton*, 316 F.3d 392, 402 (3d Cir. 2003).

[64] Am. Compl. (ECF No. 8) ¶ 83; *see also* Pl.'s Br. in Opp. To Defs.' Mot. to Dismiss (ECF No. 13), at 9.

[65] Pl.'s Br. in Opp. To Defs.' Mot. to Dismiss (ECF No. 13), at 9.

[66] *Hill v. Borough of Kutztown*, 455 F.3d 225, 235 n. 12 (3d Cir. 2006)(quoting *Nicholas*, 227 F.3d at 139–40).

[67] *Nicholas*, 227 F.3d at 140 (citations omitted).

Mr. McGee's failure to meet this threshold element is therefore dispositive, and this claim will be dismissed.[68]  However, as this Court cannot find futility at this juncture, leave to amend will be granted to the extent Mr. McGee can allege a fundamental right, as defined above, which was impinged by arbitrary government action.

### c.  *Monell* Liability

Conyngham Township Defendant also moves to dismiss the Section 1983 claims against Conyngham Township, Conyngham Township Board of Supervisors, and Conyngham Township Authority to the extent they are premised on *Monell* liability.[69]  In *Monell v. Department of Social Services of City of New York,* the Supreme Court of the United States determined that, while municipal bodies may not be sued solely for violations perpetrated by its employees or agents, "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."[70]  This municipal liability, based on a policy or custom, may arise in one of three ways.  The Third Circuit in *McGreevy v. Stroup* detailed these methods as follows:

---

[68]  *See Nicholas*, 227 F.3d at 139–40 (holding that due process-protected property interest is threshold element plaintiff must establish for non-legislative substantive due process claim).

[69]  Defs' Memorandum of Law in Supp. of Mot. to Dismiss Am. Compl. (ECF No. 10), at 5-7.

[70]  436 U.S. 658, 694 (1978).

> First, the municipality will be liable if its employee acted pursuant to a formal government policy or a standard operating procedure long accepted within the government entity, (citation omitted); second, liability will attach when the individual has policy making authority rendering his or her behavior an act of official government policy, (citation omitted); third, the municipality will be liable if an official with authority has ratified the unconstitutional actions of a subordinate, rendering such behavior official for liability purposes, (citation omitted).

Here, Mr. McGee clarifies in his brief in opposition that he is proceeding under the second theory of *Monell* liability, i.e. the attachment of liability based upon the actions of an individual with policy-making authority.[71]  However, in order for municipal liability to exist under *Monell*, there must still be a violation of the plaintiff's constitutional rights.[72]  Based on the discussion above, Mr. McGee has failed to state a federal civil rights claim against the Individual Defendants.  He therefore cannot, as a matter of law, establish a *Monell* municipal liability claim against the municipal defendants, or Conyngham Township, Conyngham Township Board of Supervisors, and Conyngham Township Authority.[73]  Dismissal, here relying on the success of Mr. McGee's other federal claims, will be without prejudice.

---

[71]  Pl.'s Br. in Opp. To Defs.' Mot. to Dismiss (ECF No. 13), at 15–17.

[72]  *Sanford v. Stiles*, 456 F.3d 298, 314 (3d Cir. 2006).

[73]  *Startzell v. City of Philadelphia, Pa.*, 533 F.3d 183, 204 (3d Cir. 2008).

## 2.  State Law Claims

### a.  Absolute Immunity

Based on the allegations as recited, Mr. McGee also alleges both an intentional infliction of emotional distress claim and slander/libel, or defamation, claim.[74]  Conyngham Township Defendants argue that, (1) to the extent alleged against Township Defendants, they are immune from liability from these state tort claims under both the Political Subdivision Tort Claims Act ("PSTCA"), and (2) to the extent alleged against Individual Defendants, these Township supervisors are entitled to absolute immunity afforded to high public officials.[75]  Defendants are partly correct, and the Township Defendants are afforded immunity under the PSTCA.

The Political Subdivision Tort Claims Act grants to municipal agencies immunity from liability for all state law tort claims.[76]  The Act provides that "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any

---

[74]  *See* Am. Compl. (ECF No. 8) at 12–16.

[75]  Defs' Memorandum of Law in Supp. of Mot. to Dismiss Am. Compl. (ECF No. 10), at 16–20.

[76]  42 Pa.C.S.A. § 8541 *et. seq. See also Smith v. Sch. Dist. of Philadelphia*, 112 F. Supp. 2d 417, 424 (E.D. Pa. 2000) (DuBois, J.); *Martin v. City of Philadelphia, et al.*, No. 99–543, 2000 WL 1052150 (E.D.Pa. July 24, 2000); *Wakshul v. City of Philadelphia*, 998 F.Supp. 585 (E.D.Pa. 1998).

other person."[77]  This immunity is however waived under § 8542 for a narrow

subset of negligent acts by its agents or employees.[78]  Here, none of the exceptions

for negligent acts apply.  Therefore, Defendants Conyngham Township and

Conyngham Township Authority, as municipal agencies, are entitled to immunity

from the intentional torts alleged.[79]

Individual Defendants Linda Tarlecki, Todd Croker, and Joseph Shriner

similarly move for immunity, but under the absolute immunity afforded to high

public officials.[80]  This immunity exempts high public officials from "all civil suits

for damages arising out of false defamatory statements and even from statements

or actions motivated by malice, provided the statements are made or the actions are

taken in the course of the official's duties or powers."[81]  This doctrine of absolute

---

[77]  42 Pa.C.S.A. § 8541.

[78]  *Joyner v. Sch. Dist. Of Philadelphia*, 313 F.Supp.2d 495, 504 (E.D.Pa. 2004). These acts include liability arising from (1) the operation of motor vehicles, (2) the care, custody or control of personal property, (3) the care, custody or control of real property, (4) trees, traffic controls and street lighting, (5) utility service facilities, (6) streets, (7) sidewalks, and (8) the care, custody or control of animals. 42 Pa. Cons.Stat. Ann. § 8542(b).

[79]  *See Korth v. Hoover*, 190 F.Supp.3d 394, 408 (M.D.Pa. 2016)(Caldwell, J.)(holding that Oliver Township was immune from liability under the PSTCA for intentional torts of assault and battery); *Martin v. City of Reading*, 118 F.Supp.3d 751, 780 (E.D.Pa. 2015)(Leeson, J.)(holding that the City of Reading was immune from liability under the PSTCA for the intentional tort of defamation); *Roskos v. Sugarloaf Tp.,* 295 F.Supp.2d 480, 489-91 (M.D.Pa. 2003)(Conaboy, J.)(holding that Sugarloaf Township, Sugarloaf Township Police Department, and Sugarloaf Township Supervisors were immune from liability under the PTSCA for, among other counts, defamation and intentional infliction of emotional distress).

[80]  Defs' Memorandum of Law in Supp. of Mot. to Dismiss Am. Compl. (ECF No. 10), at 16–20.

[81]  *Smith v. Borough of Dunmore,* 633 F.3d 176, 181 (3d Cir. 2011) (quoting *Lindner v. Mollan,* 677 A.2d 1194, 1195 (Pa. 1996)).

immunity for high public officials has been expanded beyond defamation to exempt officials from liability arising from claims of retaliatory discharge, loss of consortium, invasion of privacy, and, most pertinently for this action, intentional infliction of emotional distress.[82] Courts have recognized that this immunity fulfills the deeper purpose of encouraging frank discussion by high public officials and thus protecting "society's interest in the unfettered discharge of public business and in full public knowledge of the facts and conduct of such business."[83]

"To determine if an individual defendant qualifies as a high public official for purposes of absolute immunity, the court must consider, on a case-by-case basis, 'the nature of [the official's] duties, the importance of his office, and particularly whether . . . he has policy-making functions.' "[84] Courts have found that borough council members, or here township supervisors, qualify as "high public officials" for purposes of absolute immunity.[85] Thus, if the statements complained of in Counts III and IV of the Amended Complaint occurred while the

---

[82] *Kobrick v. Stevens,* No. 13–2865, 2014 WL 4914186 at *14 (M.D.Pa. Sept. 30, 2014) (Mannion, J.) (citing *Kelleher v. City of Reading,* 2001 WL 1132401, at *4 (E.D.Pa. Sept. 24, 2001)).

[83] *Cutler v. Bellefonte Area Sch. Dist.*, 97 F.Supp.3d 586, 589 (M.D.Pa. 2015)(citing *Osiris Enterprises v. Borough of Whitehall,* 877 A.2d 560, 566 (Pa.Commw. Ct. 2005); *Montgomery v. City of Philadelphia,* 140 A.2d 100, 102 (1958)).

[84] *Id.* (quoting *Behne v. Halstead*, No. 13–0056, 2014 WL 1689950 at *26 (M.D. Pa. April 29, 2014) (Rambo, J.)).

[85] *Smith v. Borough of Dunmore*, 633 F.3d 176, 181 n. 7 (3d Cir. 2011).

township supervisors were performing official duties, they have high public official immunity from those claims.

Here, at this early procedural posture and with all facts construed in the light most favorable to Mr. McGee, I find that he has alleged facts which may bring the Individual Defendants outside the scope of absolute immunity's protection. Indeed, Mr. McGee tells a rather salacious story of Individual Defendants both soliciting letters from his tenants, and later receiving a critical letter from Jane and John Doe tenants.[86] Mr. McGee avers that Individual Defendants subsequently read this letter aloud at a public meeting for the sole purpose of labeling him a "slumlord,"[87] and despite its false nature.[88] Mr. McGee argues that this solicitation and recitation of the letter had no public purpose and was beyond the official duties of Individual Defendants.[89] Therefore, at this preliminary stage of litigation, while they qualify as "high public officials," I find that Individual Defendants are not shielded by absolute immunity on these tort claims at this time.[90]

---

[86] Am. Compl. (ECF No. 8) ¶¶ 29–36.

[87] *Id.* ¶ 31.

[88] *Id.* ¶ 40.

[89] *Id.* ¶ 41.

[90] *See Zurchin v. Ambridge Area Sch. Dist.*, —F.Supp.3d—, 2018 WL 338612, at *9 (W.D.Pa. 2018)(denying a motion to dismiss based on absolute immunity where the plaintiff's factual allegations, accepted as true, include conduct as occurring outside the scope of activities that were in connection with school district business)(collecting cases).

### b. Intentional Infliction of Emotional Distress

Conyngham Township Defendants next move for the dismissal of Mr. McGee's claim for intentional infliction of emotional distress.[91]  They state, as a basis for this request, that the conduct alleged by Mr. McGee is not as a matter of law so extreme and outrageous so as to permit recovery under this theory.[92]  I agree that dismissal is warranted, but for a different reason.

Under Pennsylvania law, "[t]o state a claim for intentional infliction of emotional distress, a plaintiff must plead that the defendant's conduct: (1) was intentional or reckless; (2) was extreme and outrageous; (3) actually caused the distress; and (4) caused distress that was severe."[93]  "In order to state a cognizable claim, the conduct must be so extreme in nature as to go beyond all possible bounds of decency such that it would be regarded as utterly intolerable to civilized society."[94]  "Generally, the case must be one with respect to which the recitation of facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'"[95]  "The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other

---

[91]  Defs' Memorandum of Law in Supp. of Mot. to Dismiss Am. Compl. (ECF No. 10), at 15–16.

[92]  *Id.*

[93]  *Regan v. Twp. of Lower Merion*, 36 F. Supp. 2d 245, 251 (E.D. Pa. 1999).

[94]  *Id.* (internal quotation marks omitted).

[95]  *Robinson*, 246 F. Supp. 2d at 444 (internal quotation marks omitted).

trivialities."[96]  Accordingly, a claim for intentional infliction of emotional distress must be dismissed where "[t]he defendants' alleged conduct is simply not sufficiently outrageous to sustain a claim of intentional infliction of emotional distress."[97]  As such, "[w]ith regard to the element of outrageousness, it is for the court to determine in the first instance whether the defendant's conduct may reasonably be regarded as so extreme and outrageous to permit recovery."[98]

The Court need not at this juncture determine whether the Individual Defendants' alleged conduct is "extreme and outrageous," as required to support this claim.  I note that Pennsylvania law requires that some type of physical harm be shown in order to satisfy the severe emotional distress element.[99]  Mr. McGee has failed to allege that he suffered any type of physical injury resulting from the allegedly extreme and outrageous conduct.  Rather, within his Amended Complaint, he alleged the following injuries and damages in a conclusory fashion:

> a.    Emotional distress;
> b.    Physical distress;

---

[96]  *Hunger v. Grand Cent. Sanitation*, 447 Pa. Super. Ct. 575, 584, 670 A.2d 173, 177 (1996).

[97]  *See Goodson v. Kardashian*, 413 F. App'x 417, 418 (3d Cir. 2011).

[98]  *Johnson v. Caparelli*, 625 A.2d 668, 671 (1993). *See, e.g., Snyder v. Specialty Glass Products, Inc.*, 658 A.2d 366 (Pa. Super. Ct. 1995) (summary judgment granted in favor of defendant because plaintiff employee's suffering verbal abuse and demotion after arriving late to work was not outrageous as a matter of law); *Ruder v. Pequea Valley Sch. Dist.*, 790 F.Supp.2d 377, 398 (E.D. Pa. 2011) (motion to dismiss granted because defendant's failure to provide the plaintiff with medical leave and benefits, and its subsequent termination of the plaintiff, was not outrageous as a matter of law).

[99]  *DiLoreto v. Costigan*, 600 F. Supp. 2d 671, 691 (E.D. Pa. 2009); *Hart v. O'Malley*, 647 A.2d 542, 554 (1994).

      c.      Financial loss in spending time and efforts to generate the materials sought by the Defendant's in its request;

      d.      Public humiliation and embarrassment as being the subject of public scorn;

      e.      Legal fees, costs and expenses; and

      f.      Such other damages as this Honorable Court shall recognize.[100]

Such conclusory allegations are insufficient to withstand a motion to dismiss.[101]

However, because I cannot find that it would be futile for Mr. McGee to amend this claim, dismissal is again without prejudice.[102]

### 3. Punitive Damages

Finally, Conyngham Township Defendants move to dismiss Mr. McGee's claim for punitive damages in connection with his Section 1983 claims.[103]  A plaintiff may be entitled to punitive damages under Section 1983 when "the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of

---

[100]  Am. Compl. (ECF No. 8) ¶ 106.

[101]  *See, e.g., Ferris,* 247 F.Supp.3d at 683; *Zugarek v. Southern Tioga Sch. Dist.,* 214 F.Supp.2d 468, 482 (M.D.Pa. 2002)(McClure, J.); *Clark v. Conahan*, 737 F.Supp.2d 239, 273 (M.D.Pa. 2010)(Caputo, J.)(collecting cases); *Allen v. Wells Fargo, N.A.*, No. 14-CV-5283, 2015 WL 5137953, at *6 (E.D.Pa. Aug. 28, 2015)(collecting cases).

[102]  I note, however, that to sustain an intentional infliction of emotional distress claim, Mr. McGee would have to allege physical manifestations of his alleged emotional distress. *See, e.g., Jacobs v. City of Pittsburgh*, No. 08-CV-470, 2011 WL 15848, at *10 (W.D.Pa. Feb. 18, 2011).  Furthermore, and with an eye toward future procedural hurdles, I note that "in order to recover on a claim of intentional infliction of emotional distress, the plaintiff must prove the existence of the alleged emotional distress by "competent medical evidence." *Robinson v. May Dept. Stores Co.*, 246 F.Supp.2d 440, 444 (E.D.Pa. 2003).

[103]  Defs' Memorandum of Law in Supp. of Mot. to Dismiss Am. Compl. (ECF No. 10), at 21.

others."[104]  Here, Mr. McGee's substantive constitutional claims brought under Section 1983 have failed, and punitive damages cannot be granted as a matter of law.[105]  However, dismissal of the this request for punitive damages is without prejudice as successful amendment of Mr. McGee's claims may demonstrate an entitlement to punitive damages in accord with the above standard.

## IV.   CONCLUSION

Based on the above reasoning, Conyngham Township Defendants' Motion to Dismiss is granted in part and denied in part.  Plaintiff John McGee's defamation claim is the sole remaining claim.

Mr. McGee, however, will be granted leave to file a Second Amended Complaint to correct the deficiencies outlined above no later than twenty-one (21) days from the date of this Memorandum Opinion.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[104]  *Smith v. Wade*, 461 U.S. 30, 56 (1983); *Savarese v. Agriss*, 883 F.2d 1194, 1204 (3d Cir. 1989).

[105]  *Zugarek*, 214 F.Supp.2d at 482;